Christopher L. Scileppi
Law Office Of Christopher L. Scileppi, P.L.L.C.
115 W. Washington St.
Tucson, Arizona 85701
Telephone:   (520) 449-8446
Email:   info@scileppilaw.com
State Bar No: 021591
Attorney for Defendant Richard Lee Thomas

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No.: 24-CR-02717-RM |
|---|---|
| Plaintiff, | |
| vs. | SENTENCING MEMORANDUM |
| Richard Lee Thomas, | |
| Defendant | |

COMES NOW, Defendant, Richard Thomas, by and through counsel undersigned and respectfully files his Sentencing Memorandum and asks that the Court accept the Plea Agreement and impose a sentence of probation in this matter.[1]

First and foremost, this Court should know that the Plea Agreement that came about in this matter was the work product of two defense attorneys and at least three Assistant United States Attorneys, including supervisor-level approval. This plea was vetted to ensure that it was a proper administration of justice, and the Court should accept the plea.

Mr. Thomas really likes guns. His family likes guns. And Mr. Thomas and his family have bought, used, enjoyed, sold, bartered, and traded guns for hundreds of years. In this case,

---

[1] Undersigned counsel apologizes to the Court and counsel for the government with respect to the late filing of this Sentencing Memorandum. Undersigned counsel did not have an opportunity to meet with Mr. Thomas to review the Presentence Report and prepare for Sentencing until December 15, 2025.

SENTENCING MEMORANDUM - 1

Mr. Thomas purchased firearms from licensed dealers and provided an address for one home he was connected to when in fact he resided at another address. Mr. Thomas was aware of the felony but failed to report it. That is what Mr. Thomas pled guilty to and that conduct is the conduct he is being sentenced for.

Mr. Thomas concurs with the guidelines calculations in the Presentence Report. The Base Offense Level is 11. After factoring in a two-level reduction for acceptance of responsibility, the Total Offense Level is 9. Mr. Thomas has two one-point prior convictions, resulting in a criminal history score of 2 and a Criminal History Category of II. The resulting guidelines range is 6-12 months.

Counsel for Mr. Thomas takes issue with the fact that the Presentence Report is written as if Mr. Thomas had pled guilty to engaging in the business of firearms dealing without a license, or that he had been a straw purchaser of firearms over a lengthy period of time. It cannot be stressed enough that this case was weeks away from trial when it pled. It got that close to trial and pled in the manner it did because the facts were nowhere near as black and white as the Presentence Report makes it appear that they are.

Yes, Mr. Thomas purchased a lot of guns between May 2020 and April 2023. But every single one of those purchases was legal—insofar as Mr. Thomas did not have any disqualifying convictions. During each of those purchases, Mr. Thomas listed an address in Tucson. At all times relevant to those purchases Mr. Thomas had residences in both Tucson and San Manuel. Based on the evidence provided by the government, the government very well may have been able to prove Mr. Thomas was being intentionally deceitful. That having been said, there was a viable argument at trial that Mr. Thomas was spending significant time at both residences, such that his listing the address in Tucson was not a lie. Moreover, there was a viable trial

SENTENCING MEMORANDUM - 2

argument that the address was not a material misstatement, insofar as whichever address he listed, he was legally allowed to purchase the firearms—and the FFL dealer would not have rejected the application had Mr. Thomas listed the alternative address.

Critically, up until weeks before trial in this case, the government believed that Mr. Thomas had a disqualifying domestic violence conviction. Mr. Thomas was convicted in the Clifton Magistrate Court on August 17, 2017. Mr. Thomas had originally been charged with an offense which carried a domestic violence designation. When Mr. Thomas entered into a plea agreement in that case, the domestic violence designation was dropped. At the time of sentencing in that matter, the Court erroneously included the domestic violence designation on its minute entry. On May 4, 2023, the Clifton Magistrate Court corrected its earlier minute entry, noting that "the court orders a correction of the Sentencing Minute Entry to reflect the intent of the plea agreement…the correction is that defendant pled guilty to ARS 13-1203(A)(3), as a class 3 misdemeanor. Also, that the other charge and each allegation of domestic violence was dismissed by the prosecutor, agreed to by the defendant, and accepted by the judge." The defense's view was that the government would not be able to prove that Mr. Thomas' statement on the ATF form avowing that he had not been convicted of a disqualifying offense was, in fact, a false statement.

After counsel for Mr. Thomas provided the corrected minute entry to the government, the government appropriately took a different position with respect to plea negotiations and shortly thereafter a plea was reached. As noted above, the final Plea Agreement was negotiated by multiple defense attorneys, and at least three Assistant United States Attorneys. It is the byproduct of years of work and does its best to achieve a just result.

SENTENCING MEMORANDUM - 3

It also will have a significant impact on Mr. Thomas. As a direct result of the Plea Agreement, Mr. Thomas is barred from possessing a firearm. This is a significant collateral consequence as it will necessarily impact Mr. Thomas' relationship with his family and his ability to engage in family activities that include firearms.

Moreover, Mr. Thomas has suffered collateral consequences with respect to employment. He has lost multiple job opportunities at the background check stage during the pendency of this matter

Ultimately, Mr. Thomas accepts responsibility for the careless acts he committed in this case. He respectfully requests that the Court accept the Plea Agreement and impose a term of probation consistent with the plea's terms.

Respectfully submitted this 16th of December 2025.

> /s/ Christopher L. Scileppi
> Christopher L. Scileppi
> Attorney for Richard Lee Thomas

Copies via CM/ECF to:

Christine Melton
Assistant United States Attorney
United States Attorney's Office
Tucson, AZ

SENTENCING MEMORANDUM - 4